# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Jacob A. Kanatzar, | ) |
| Movant, | ) |
| vs. | ) No. 06-00974-CV-W-FJG |
| United States of America, | ) Crim. No. 03-00006-01-CR-W-FJG |
| Respondent. | ) |

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1, filed November 30, 2006). The Court finds that it has jurisdiction over this matter.

Movant alleges ineffective assistance of counsel as to (1) whether counsel should have argued at sentencing that he improperly received a four level enhancement for possession of a firearm in connection with another felony offense; (2) whether counsel should have asserted that the sentencing enhancement be determined by a jury, rather than the district court (citing Booker and Apprendi); and (3) whether his attorney should have submitted a supplemental brief on appeal raising the Booker issue.

Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

## JUDGMENT

The Court has reviewed movant's motion (Doc. #1), respondent's opposition (Doc. #12), movant's reply (Doc. #14) and the record in movant's criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition

(Doc. #12). This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed November 30, 2006, is denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

        /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 12/12/07
Kansas City, Missouri